2012 OK 84

**STATE of Oklahoma ex rel. Oklahoma Bar Association, Complainant,**

v.

**Lewis B. MOON, (a.k.a. "L.B. MOON"), Respondent.**

**SCBD No. 5932.**

Supreme Court of Oklahoma.

Oct. 15, 2012.

**ORDER**

¶ 1 The complainant, Oklahoma Bar Association (Bar Association), filed an application for an order of interim suspension on September 19, 2012. The complaint and request for suspension was based on the filing of a criminal information on September 18, 2012 charging the respondent, Lewis B. Moon (Moon/attorney), with impersonating a police officer and disturbing the peace.

¶ 2 Previous to the filing, the respondent, Lewis B. Moon (Moon/attorney), was before this Court in a disciplinary proceeding stemming from his alcohol-related misconduct. On the same day charges were filed in this matter, an opinion issued from this Court in which the attorney was disciplined for alcohol-related misconduct including: multiple incidences of operating a motor vehicle while under the influence; impersonating a law enforcement officer; attempting to influence government officials through coercion; and placing bodily fluids upon a government employee. With the promulgation of *State ex rel. Oklahoma Bar Ass'n v. Moon*, 2012 OK 77, — P.3d ——, the attorney was publicly censured and a deferred suspension period of two years and one day was imposed. During the period of suspension, Moon was ordered to: refrain from any and all use of alcohol or mind-altering substances; not partake of any illegal drugs; maintain participation in Alcoholics Anonymous, attending weekly meetings; sign and comply with conditions of a contract with Lawyers Helping Lawyers; complete any outpatient treatment program in which he was enrolled; waive all questions of confidentiality permitting notification to the General Counsel of the Oklahoma Bar Association of any default in terms of probation or deferred suspension; and pay costs of $1,459.55.

¶ 3 To date, no application for rehearing has been filed to the opinion. Nevertheless, Moon did file a timely objection to the Bar Association's Application for Immediate Interim Suspension on October 8, 2012. Therefore, pursuant to Rule 6.2A(2)(b), Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1–A, we determine that:

a) The cause is hereby referred to the Professional Responsibility Tribunal for a hearing **at the earliest possible time and without appreciable delay.**

b) We note that although the incident here occurred after the hearing before the Professional Responsibility Tribunal was conducted in *State ex rel. Oklahoma Bar Ass'n v. Moon*, 2012 OK 77, — P.3d ——, it also preceded the filing of the trial panel report and the briefs in the cause. Therefore, in addition to inquiries related to the charges filed, the Professional Responsibility Tribunal shall inquire of both the Bar Association and of the attorney why the Court was not notified of the incident leading to the filing of criminal charges related to the cause currently before the Court while the former disciplinary proceeding was pending.

¶ 4 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT: the instant cause is referred to the Professional Responsibility Tribunal for immediate hearing at which inquiries shall be made of the Bar Association and the attorney concerning why information relating to the incident were not reported to the Court during the pendency of prior disciplinary proceedings.

¶ 5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 15TH DAY OF OCTOBER, 2012.

TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, REIF, GURICH, JJ., concur.

COMBS, J., concurs in result.

EDMONDSON, J., dissents.

**ORDER**

November 8, 2012.

¶ 1 In response to our order of October 25, 2012, the Professional Responsibility Tri-

bunal (trial panel) held a hearing to address the respondent's, Lewis B. Moon (Moon/attorney), breach of conditions imposed by *State ex rel. Oklahoma Bar Ass'n v. Moon*, 2012 OK 77, —— P.3d ——, which may support suspension for a period of two years and one day, be combined with the matters currently before the trial panel in the scheduled Interim Suspension proceeding.

¶ 2    The trial panel conducted the hearing on October 30, 2012.  On the same date, Moon filed a stipulation to an immediate interim suspension stating that he had no objection to this Court entering an order immediately suspending his license to practice law pending a final determination of the proceedings to be filed in this matter and in *State ex rel. Oklahoma Bar Ass'n v. Moon*, 2012 OK 77.

¶ 3    WE DETERMINE THAT

a) The attorney's agreement of immediate interim suspension, filed on October 30, 2012, pending the resolution of the underlying proceedings should be accepted.

b) Lewis B. Moon should give written notices to affected clients and otherwise comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1–A within ten (10) days of the filing of this order.  Rule 6.2A(3), Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1–A.

¶ 4    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the respondent, Lewis B. Moon, is hereby suspended from the practice of law in Oklahoma until further order of this Court.  The attorney shall comply with the notification requirements to clients as outlined in Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1–A.

¶ 5    DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 8th DAY OF NOVEMBER, 2012.

ALL JUSTICES CONCUR.